IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 17- |
| --- | --- | --- |
| v. | : | DATE FILED: April 6, 2017 |
| STEVEN G. DUBIN | : | VIOLATIONS: 18 U.S.C. §§ 1343, 1349 (wire fraud – 3 counts) Notice of Forfeiture |
| | : | |

## INDICTMENT

### COUNTS ONE THROUGH THREE

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

**Background**

1. Defendant STEVEN G. DUBIN operated a law office located in Southampton, Pennsylvania. Defendant DUBIN offered services to clients seeking to adopt children, although defendant DUBIN claimed to represent the birth mothers in these adoptions. From in or about 1979 to in or about October 31, 2012, defendant DUBIN was an attorney licensed to practice law in the Commonwealth of Pennsylvania. In January 2012, the Pennsylvania Office of Disciplinary Counsel initiated an investigation of defendant DUBIN based on complaints from his clients. On September 5, 2012, defendant DUBIN submitted his resignation from the Pennsylvania bar. On October 31, 2012, defendant DUBIN was ordered disbarred in Pennsylvania and could no longer accept any new retainer fees. From November 30, 2012 to present, defendant DUBIN has been prohibited from practicing any law or conducting any law-related activities in Pennsylvania.

2. Defendant STEVEN G. DUBIN has never been licensed to operate an adoption agency in Pennsylvania or any other state.

3. In Pennsylvania, attorneys are required to maintain an Interest on Lawyer Trust Account ("IOLTA account" or "escrow account") for the deposit of funds belonging to clients, so that these funds belonging to clients are held separately from an attorney's own funds.

## THE SCHEME

4. From at least in or about December 2010 to in or about February 2013, defendant

**STEVEN G. DUBIN,**

devised and intended to devise a scheme to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

5. Defendant STEVEN G. DUBIN represented to clients, prospective adoptive parents, that their retainer fees would be held in escrow in an IOLTA account. However, on several occasions, defendant DUBIN never placed a client's retainer fees in his IOLTA account. In some cases, defendant DUBIN used new retainer fees to pay himself for legal fees for other clients or to pay expenses related to other clients.

6. Defendant STEVEN G. DUBIN charged clients legal fees at $300 per hour when, in reality, he was often performing intermediary or "matchmaking" services – typically provided by licensed adoption agencies – that did not constitute legal services.

7. After he submitted his resignation from the Pennsylvania bar, defendant STEVEN G. DUBIN failed to inform some clients and prospective clients that he would soon be

disbarred and thus unable to practice law in Pennsylvania and unable accept any new retainer fees.

8. After he was disbarred in Pennsylvania, defendant STEVEN G. DUBIN continued to accept new retainer fees from clients. Moreover, after his disbarment, defendant DUBIN still represented himself to be an attorney licensed to practice law in Pennsylvania.

9. After clients fired defendant STEVEN G. DUBIN as their attorney, defendant DUBIN falsely promised clients that he would return the remaining retainer fees that he falsely claimed were being held in escrow. In some cases, defendant DUBIN never returned any retainer fees.

10. On or about the dates specified below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**STEVEN G. DUBIN,**

for the purpose of executing the scheme described above, and attempting to do so, knowingly and intentionally transmitted and caused to be transmitted by means of wire communication in interstate commerce the writings, signals, and sounds described below, each transmission constituting a separate count of this indictment:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| ONE | October 29, 2012 | Wire transfer of $25,000 retainer fee from client C.K. in Oregon to defendant DUBIN in Southampton, Pennsylvania |
| TWO | November 14, 2012 | Wire transfer of $23,000 retainer fee from client S.W. in Maryland to defendant DUBIN in Southampton, Pennsylvania |
| THREE | November 30, 2012 | Email communication in interstate commerce from defendant DUBIN to clients L.P. and D.P., falsely stating that the balance of their retainer fees would be transferred to an adoption agency within the next day |

All in violation of Title 18, United States Code, Sections 1343 and 1349.

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 1343 and 1349, set forth in this indictment, defendant

**STEVEN G. DUBIN**

shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL:


_____
**GRAND JURY FOREPERSON**

_Peter F Schinck for_
**LOUIS D. LAPPEN**
**ACTING UNITED STATES ATTORNEY**